IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALAN ACOSTA-VELASQUEZ, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR FINAL ORDER OF FORFEITURE <br><br> Case No. 2:22-cr-00066-JNP <br><br> District Judge Jill N. Parrish |

Before the court is the government's motion for a final order of forfeiture as to defendant Alan Acosta-Velasquez. ECF No. 87. The court DENIES the motion for three reasons.

First, the time to assert a third-party claim has not run. A third party has thirty days from "final publication of notice" to assert a legal interest in the property and request an ancillary proceeding. 21 U.S.C. § 853(n)(2). The government published the requisite notice from November 15, 2022 to December 14, 2022. ECF No. 85. Because thirty days has not elapsed from December 14, 2022, the final publication of notice, a third party still has time to assert a claim.[1]

Second, Alan Acosta-Velasquez has not yet been sentenced. Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides: "At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant." Absent the defendant's consent, therefore, the preliminary order of forfeiture may not become final

---

[1] The notice published by the government stated that third parties had until 60 days from the first date of publication, November 15, 2022, to file a claim. The deadline stated on the notice is one day longer than the statutory deadline.

as to the defendant before sentencing. There is no indication that the defendant gave his consent here.

Third, a formal final forfeiture order will likely be unnecessary in this case. Under Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, "[i]f no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute." The Preliminary Order of Forfeiture entered by the court contains a finding that that the defendant had an interest in the property listed in the document. Thus, if no third party timely petitions for an ancillary proceeding, the preliminary order of forfeiture will automatically become the final order of forfeiture. If a timely petition is filed, the court can enter a formal final order of forfeiture after the ancillary proceeding.

DATED December 16, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge